CHARLES HODGES *v.* JULIA ANN HODGES and another.

A decree in equity declared in substance, "that H. has made advances for the improvement of the real estate in said bill described, and that said estate," &c., "is chargeable with the *sums* so advanced," &c., and referred the cause to a master, for the purpose of ascertaing and reporting, as soon as might be, the nature and amount of all such advances, stating an account of the same. *Held*, that this language imported only a pecuniary advance, and could not be construed, in the absence of anything in the context favoring such a construction, to import also an advance in the shape of personal services.

*Held*, further, that the aforesaid language in the said decree, in authorizing the master to state an account of the advances made by H., authorized him to make an allowance and computation of interest on said advances, an allowance and computation of interest being incidental to the statement of an account, where the subject of the account is money lent

If husband and wife see fit to treat each other as lender and borrower, the contract of loan carries with it its usual incident of interest, as well with them as with other parties. assuming that there is nothing in the transaction which would make it inequitable to require the payment of interest. In such a case, the wife is entitled to have credit, in an account between her and her husband, for the proceeds of the sale of some of her property, although they have been applied to defray family expenses with her consent and approval.

On money paid on account of, or to the use or benefit, or at the request of another, interest is allowable from the time of payment. Money lent and money paid carry interest, when they form matters of account, as well as when they are detached transactions.

EXCEPTIONS to the report of a master in chancery, made under a decree entered in a bill in equity brought by the complainant

against his wife and her trustee, claiming a charge or lien on her separate real estate for advances and payments made by him on account of improvements thereon.

*Metcalf and Lester for the complainant.*

*S. W. Peckham for the respondents.*

DURFEE, J.   This case comes before us upon exceptions to a master's report, made in the case under a decree entered by consent, the part of which material to be considered in the matter now before us is as follows, to wit :—

" That the said complainant has made advances for the improvement of the real estate in said bill described, and that the said estate in the hands of the said respondent, Julia Ann Hodges and her trustee, Samuel W. Peckham, is chargeable with the sums so advanced by the said complainant as husband of the said Julia Ann, and that said cause be referred to George H. Browne, Esquire, one of the masters in chancery, of this court, for the purpose of ascertaining and reporting as soon as may be, the nature and amount of all such advances, stating an account of the same and of the sums received by the complainant for sales or leases of real estate of the said Julia Ann, and including in said account the sums expended by him for repairs taxes, insurance, mortgage interest, and other expenses of improving and managing said estate."

In stating the account under this decree, the master has credited the plaintiff with pecuniary advances for the improvement of his wife's real estate, and with the sums which he has expended on her account for the other purposes mentioned in the decree ; but has disallowed a claim made by the plaintiff for compensation for personal services in and about the improvement and management of said estate, and has also refused to allow interest on the advances.   On the other hand the master has charged the plaintiff with the total amount of the rents received by him from the real estate aforesaid, without regard to any increase of rents which has accrued in consequence of improvements made out of money advanced by him.

The plaintiff excepts to the report because of these disallowances of compensation and interest, and because he has been charged with the rents in full.

The plaintiff cannot properly except to the disallowance of his claim for compensation, unless it was one of the matters referred to the master to report upon. But on looking into the decree, we do not find in it any mention of personal services performed by the plaintiff, or of any claim on his part to be paid for them. The plaintiff, however, contends that he was entitled, under the decree, to an allowance for his services as being in the nature of an advance. We do not so read the decree. The decree declares that the plaintiff "has made advances for the improvement of the real estate in said bill described, and that said estate," &c., "is chargeable with the *sums* so advanced," &c., and the decree then proceeds to refer the cause to the master, "for the purpose of ascertaining and reporting, as soon as may be, the nature and amount of all such advances, stating an account of the same," &c. We think this language naturally imparts only a pecuniary advance, and that it would be straining it unwarrantably to hold, in the absence of anything in the context to favor such a construction, that it also imparts an advance in the shape of personal services.

We overruled the exception to the report, which is based on the disallowance of the plaintiff's claim for personal services.

The plaintiff's second exception is for the disallowance of interest on his advances.

In 1 Am. Lead. Cases, (2d Ed.) p. 525, the law in relation to interest or money lent or paid for another, is thus stated : On money lent, interest in this country is always recoverable ; because the defendant has had a use from the plaintiff's money. For the same reason, on money paid on account, or to the use or benefit, or at the request of another, interest is allowed from the time of payment, and not merely from the time of notice or demand." Numerous authorities are cited in support of these statements. The author adds : "Money lent, and money paid, carry interest when they form matter of account, as well as when they are detached transactions." *Reid* v. *Rensselaer Glass Fac-*

*tory*, 3 Cowen, 393; same case in error, 5 Ibid, 589. Under the law as thus stated, and we think correctly stated, the plaintiff is entitled to interest on his advances, unless, by reason of the relation of husband and wife, the case is an exception to the ordinary rule. No authority has been cited to show that the rule is subject to any such exception, and if husband and wife choose to treat each other as lender and borrower, we do not see why the contract of loan should not carry with it its usual incident of interest, the same with them as with other parties, assuming, of course, that there is nothing in the transaction which would make it inequitable to require the payment of interest.

For the defendant it is contended, in accordance with the view that was taken by the master, that the decree does not authorize the allowance of interest on the plaintiff's advances. The decree refers the cause to the master for the purpose of ascertaining and reporting "the nature and amount of all such advances, *stating an account of the same*," &c., and we think an allowance and computation of interest is incidental to the statement of an account, where the subject of the account is moneys lent.

Of course, the plaintiff will not be entitled to interest on advances, if made out of the proceeds of his wife's property, nor so long as he has such proceeds in his hands, not on interest, with which to repay his advances.

Subject to this remark we sustain the exception which is based on the disallowance of interest on the plaintiff's advances.

The ground of the third exception is, that the plaintiff is charged in the account with the total amount of the rents received. The plaintiff thinks this is wrong, because the rents are largely due to improvements made with money advanced by him. But, in the corrected account, the plaintiff will be paid for the use of his money by interest, and therefore he will be properly chargeable with all the rents received; which, in stating the account anew, should be applied to the reduction of his just claims, according to the rules regulating the application of moneys so received. We overrule the plaintiff's third exception.

We also overrule the plaintiff's fourth exception, which relates to a charge of $3,000 made against him in the account as

stated by the master, being the proceeds of certain mortgages of the wife's property, which the master reports, passed into the plaintiff's hands. The master further reports, that eighteen hundred dollars have been paid on the mortgage debt, out of the proceeds of a sale of some of the wife's property. To the extent of the $1,800 so paid, we think the plaintiff is clearly chargeable. In regard to the residue of the debt for which the wife's property continues under mortgage, but as to which the plaintiff considers himself jointly liable with her to the mortgagee, by having joined in the mortgage, we also think that the plaintiff should be charged with it, in the account, provision being made in the final decree, for its payment out of the wife's property and for his protection, if equity so requires. The ground on which the plaintiff excepts to the charge is, that it is unjust to charge him for all the money received by him on the mortgage, inasmuch as the mortgaged estate was enhanced in value so as to become adequate security for the mortgage debt, by the use of money which he had furnished. But this ground will lose its force when, in the corrected account, he is allowed his advances in full, with interest. Advances which have been repaid to him, with interest, cannot be the subject of a set-off to a claim on the part of the wife for money received by him from a mortgage of her property, provided the property is made to pay the same.

We also overrule the plaintiff's fifth exception. The plaintiff claims that the $150 mentioned in this exception, which was a part of the proceeds of the sale of some of the wife's property, was applied to defray family expenses, with her consent and approval. But if this were so, we do not think it follows that she should not have credit for it, in an account between her and him, for, supposing that she knew he had charges against her estate, she might consent to such use of the money with the expectation of having it credited to her in the account. We cannot fully apply the presumptions which ordinarily prevail as between husband and wife, to a case where the domestic relation has, to the extent here supposed, assumed the form of a business relation.

The exceptions which we have considered were filed on the part of the plaintiff. An exception has been filed on the part of the defendant, because of the omission of the master to charge the plaintiff with the sum of $950, part of the proceeds of a sale of some of the wife's real estate. This sum was used by the plaintiff to pay two notes which were signed by both the husband and the wife ; to wit, a note to Manchester & Hopkins for $700, and a note to the Traders Bank for $250. The master did not debit the plaintiff with this sum in the account, because he was unable to determine from the evidence, whether the notes were given and the money therein received for the plaintiff's or his wife's benefit, or for the benefit of both jointly. This is a question of fact, in regard to which there is no explicit testimony. Neither the plaintiff nor his wife, though either of them could easily have solved the question, testifies for whose benefit the notes were given. In the absence of testimony which can be so easily furnished, we will not decide the question, but will grant the parties leave to submit further testimony upon this point, before the master, to whom we recommit the report for revision in the particulars in which we have indicated that revision is called for.

The other questions in this case we reserve for consideration upon the coming in of the corrected report.

*Report recommitted.*